# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEWIS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>DANIEL PARAMO, Warden,<br><br>　　　　Respondent. | Case No. 14cv890-LAB (JLB)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

　　　　Petitioner Frank Lewis ("Lewis"), a state prisoner proceeding *pro se*, filed a Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondent filed a Motion to Dismiss the Petition, arguing that the Petition is barred by the statute of limitations. (ECF No. 6.) Lewis filed an Opposition to the Motion to Dismiss, arguing that although his Petition is time-barred on its face, he is entitled to equitable tolling of the statute of limitations. (ECF No. 16.) Respondent filed a Reply. (ECF No. 15.)

　　　　The Court, having reviewed the Petition, Respondent's Motion to Dismiss, Lewis' Opposition, Respondent's Reply, and the lodgments presented therewith, finds that Lewis is not entitled to the relief requested and that the Petition is barred by the statute of limitations. Accordingly, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**.

## I. PROCEDURAL HISTORY

　　　　On July 15, 2009, a San Diego Superior Court jury found Lewis guilty of second degree murder in violation of California Penal Code § 187(a), attempted murder in

violation of California Penal Code § 664 and § 187(a), and shooting at an occupied vehicle in violation of California Penal Code § 246. (Respondent's Lodgment No. 2 at 194-195.) The jury found that Lewis intentionally and personally discharged a firearm in violation of California Penal Code § 12022.53(d). (*Id.* at 194.) The jury also found that Lewis caused great bodily injury and death to a person, and that he personally discharged a firearm in violation of California Penal Code § 12022.53(c). (*Id.*) Outside the presence of the jury, Lewis pled guilty to possession of a firearm by a felon, a violation of Penal Code § 12021(a)(1). (*Id.*) Lewis admitted to having a prior strike for attempted robbery (California Penal Code §§ 667(b)-(i), 1170.12, and 668), a prior prison term (California Penal Code § 667.5(b)), a prior probation denial (California Penal Code § 1203(e)(4)), and a prior serious felony conviction (California Penal Code §§ 667(a), 668, and 1192.7(c)). (*Id.*)

On November 5, 2009, Lewis was sentenced to a term of 103 years to life. (Respondent's Lodgment No. 1 at 633-34.) Lewis appealed his convictions to the California Court of Appeal. (Respondent's Lodgment No. 3.) On May 9, 2011, the Court of Appeal affirmed Lewis' convictions. (Respondent's Lodgment No. 6.)

Lewis appealed the Court of Appeal's decision to the California Supreme Court. (Respondent's Lodgment No. 7.) His appeal was denied on August 17, 2011. (Respondent's Lodgment No. 8.)

On August 9, 2012, Lewis constructively filed a Petition for Writ of Habeas Corpus in the San Diego Superior Court. (Respondent's Lodgment No. 9.) On September 26, 2012, the Superior Court denied the Petition. (Respondent's Lodgment No. 10.)

On November 17, 2012, Lewis filed a Petition for Writ of Habeas Corpus in the California Court of Appeal. (Respondent's Lodgment No. 11.) On January 24, 2013, the Court of Appeal denied the Petition. (Respondent's Lodgement No. 12.)

On October 1, 2013, Lewis constructively filed a Petition for Writ of Habeas Corpus in the California Supreme Court. (Respondent's Lodgement No. 13.) On

January 21, 2014, the California Supreme Court denied the Petition. (Respondent's Lodgement No. 14.)  On April 6, 2014, Lewis filed the Petition for Writ of Habeas Corpus that is now before this Court.  (ECF No. 1.)

## II. STANDARD OF REVIEW

### A. Statute of Limitations

Inasmuch as the Petition was filed after the enactment of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") Pub.L. No. 104–132, 110 Stat. 1214 (1996), the provisions of AEDPA apply to this case. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).  Under the AEDPA, a state prisoner generally must file a federal petition for habeas corpus within one year of the underlying judgment becoming final. The relevant provision, 28 U.S.C. § 2244(d), states that:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The record reflects that Lewis did not seek review in the United States Supreme Court following the denial of his direct appeal by the California Supreme Court on August 17, 2011.  Accordingly, for AEDPA purposes, the process of direct review of

1  Lewis' conviction concluded on November 25, 2011, when the ninety-day period for
2  filing a petition for certiorari in the Supreme Court expired. *Bowen v. Roe,* 188 F.3d
3  1157, 1158–59 (9th Cir.1999). The limitations period for seeking federal habeas relief
4  expired one year later, on November 26, 2012. *See* 28 U.S.C. § 2244(d). Unless
5  tolling applies, the instant Petition, filed on August 6, 2014, is time barred.

### III.  DISCUSSION

Respondent argues that neither statutory nor equitable tolling applies in this case. (ECF No. 6.) Respondent contends that there is insufficient statutory tolling under the AEDPA to save Leiws' Petition because the amount of time between Lewis' state court filings was unreasonable. (*Id.*) Respondent also asserts that Lewis is not entitled to equitable tolling because Lewis has failed to show that some extraordinary circumstance prevented him from filing timely. (*Id.*)

Lewis does not contend that the Petition is timely on its face. Rather, he argues that he is entitled to equitable tolling. (ECF No. 16 at 6.) Lewis claims that he did everything he could to file his applications for post-conviction relief in a reasonable amount of time, and was delayed by the National Association of Legislative Review (NALR), which allegedly agreed to represent him but failed to do so. (*Id.*)

### A. Statutory Tolling

#### 1. Standard

The statute of limitations under the AEDPA is tolled during periods in which a "properly filed" habeas corpus petition is "pending" in the state courts. 28 U.S.C.A. § 2244(d)(2). The statute specifically provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.; see also Pace v. DiGuglielmo,* 544 U.S. 408, 410 (2005). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett,* 531

U.S. 4, 8 (2000) (explaining that typical filing requirements include all relevant time limits).

The interval between the disposition of one state petition and the filing of another may be tolled under "interval tolling." *Carey v. Saffold,* 536 U.S. 214, 223 (2002). "[T]he AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.'" *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting *Barnett v. Lamaster,* 167 F.3d 1321, 1323 (10th Cir. 1999)); *see also Carey,* 536 U.S. at 219–22. The statute of limitations is tolled from the time a petitioner's first state habeas petition is filed until state collateral review is concluded, but it is not tolled before the first state collateral challenge is filed. *Thorson v. Palmer,* 479 F.3d 643, 646 (9th Cir. 2007) (citing *Nino,* 183 F.3d at 1006). "The period that an application for post-conviction review is pending is not affected or 'untolled' merely because a petitioner files additional or overlapping petitions before it is complete." *Delhomme v. Ramirez,* 340 F.3d 817, 820 (9th Cir. 2003).

**2. Analysis**

The limitations period began to run in Lewis' case on November 25, 2011, when his direct appeal was complete. *See Bowen v. Roe,* 188 F.3d at 1158-59. He constructively filed a Petition for Writ of Habeas Corpus in the San Diego County Superior Court on August 9, 2012. (Respondent's Lodgment No. 9.) This 258–day span is not statutorily tolled and counts toward the one year limitations period, because Lewis' state collateral review had already been completed. *See Thorson,* 479 F.3d at 646. Lewis' superior court petition was denied on September 26, 2012. (Respondent's Lodgment No. 10.) Lewis then waited 52 days, until November 17, 2012, before constructively filing his appellate habeas petition with the California Court of Appeal. (Respondent's Lodgment No. 11.)

Statutory tolling applies to "intervals between a lower court decision and a filing of a new petition in a higher court . . . ." *Carey,* 536 U.S. at 223. A petitioner is thus entitled to statutory tolling, "not only for the time that his petitions were actually under consideration, but also for the intervals between filings, while he worked his way up the ladder[,]" provided that his filings are timely. *Biggs v. Duncan,* 339 F.3d 1045, 1048 (9th Cir. 2003) (citing *Carey,* 536 U.S. at 223).

In California, a petition for collateral review is timely if it is filed within a "reasonable" amount of time; this contrasts with states that specify a time limit, usually 30 or 45 days. *Carey,* 536 U.S. at 222–23. A petition to a higher court must be filed within a "reasonable time," presumptively 30-60 days. *See Evans v. Chavis,* 546 U.S. 189, 192–93 (2006). "[I]f the successive petition was not timely filed, the period between petitions is not tolled." *Banjo v. Ayers,* 614 F.3d 964, 969 (9th Cir. 2010).

Lewis waited 52 days after his superior court habeas petition was denied to file a petition with the appellate court. (Respondent's Lodgment No. 11.) Because this fits within the presumptive 30-60 day window, interval tolling applies to the period between the denial of Lewis' superior court petition and his constructive filing of the next petition with the California Court of Appeal.

The California Court of Appeal denied Lewis' habeas petition on January 24, 2013. (Respondent's Lodgment No. 12.) Lewis filed a habeas corpus petition with the California Supreme Court on October 1, 2013. (Respondent's Lodgment No. 13.) The time period between these two state petitions was 250 days. As 250 days greatly exceeds the 30-60 day presumptive window that qualifies for statutory tolling, this period counts towards the one-year limitation period.

The California Supreme Court petition was denied on January 21, 2014 (Respondent's Lodgment No. 14.) "The statute of limitations period is . . . not tolled after state post-conviction proceedings are final and before federal habeas proceedings are initiated." *Roy v. Lampert,* 465 F.3d 964, 968 (9th Cir. 2006) (citing 28 U.S.C. § 2244(d)(2); *Nino,* 183 F.3d at 1006. A decision of the California Supreme Court

becomes final upon filing. *Phelps v. Alameda,* 366 F.3d 722, 724 (9th Cir. 2004); Cal. R. 8.532(b)(2)(C). Thus, the time period after the denial of Lewis' petition by the California Supreme Court and before the filing of his federal habeas petition is not statutorily tolled. Lewis constructively filed his federal habeas petition on April 6, 2014, 82 days after the California Supreme Court denied his petition. This 82-day period counts toward the one-year limitation period.

      The AEDPA statute of limitations period was running in the instant case for 258 days before Lewis filed his state habeas petition, 250 days between the state appellate court's denial of Lewis' petition and his filing of the next petition with the California Supreme Court, and 82 days between the date the California Supreme Court denied his petition and the date Lewis constructively filed his federal habeas petition. These three periods — when the statute of limitations was not tolled — amount to a total of 590 days, which exceeds the AEDPA's 365 day limit. 28 U.S.C. § 2244(d)(1)(A). Accordingly, Lewis is not entitled to statutory tolling.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

### 3. Review of Timeline

| Event | Dates | Tolled or Running | Days Left Under AEDPA | Explanation |
|---|---|---|---|---|
| Period for California Supreme Ct. denial of review | 08/17/2011-11/25/2011 | Tolled | 365 + 90 | Decision not final until passage of 90 days Lewis has to file certiorari. |
| Time to file cert petition passed; no petition pending | 11/25/2011-08/09/2012 | Running | Started at 365 days and ended at 107 days | Took 258 days to file after direct appeal process complete; no tolling during this time. |
| Petition filed and pending in Superior Ct. | 08/09/2012-09/26/2012 | Tolled | 107 | Tolled while awaiting review. |
| Petition in Superior Ct. denied and no petition pending | 09/26/2012-11/17/2012 | Tolled | 107 | Took 52 days to file, which was tolled, as it falls within the 30-60 day presumptive window for gap tolling. |
| Petition filed and pending in California Ct. of Appeal | 11/17/2012-01/24/2013 | Tolled | 107 | Tolled while awaiting review. |
| Petition in California Ct. of Appeal denied and no petition pending | 01/24/2013-10/01/2013 | Running | Started at 107 days and exceeded the remaining time | Took 250 days to file, which cannot be tolled and which exceeded the 107 days Lewis had remaining. |
| Petition filed and pending in California Supreme Ct. | 10/01/2013-01/21/2014 | Would toll, but time already expired | 0 | |
| Petition in California Supreme Ct. denied and no petition pending | 01/21/2014-04/06/2014 | Running, but time already expired | 0 | Petition is untimely. Took an additional 82 days to file, which was also not tolled. |
| Filed petition in United States District Ct. | 04/06/2014 | | 0 | Petition untimely. Took a total of 590 untolled days, which exceeds the AEDPA's 365-day limit. |

**B. Equitable Tolling**

In his Opposition to the Motion to Dismiss, Lewis does not argue that his Petition is timely. Rather, he argues that he is entitled to equitable tolling due to extraordinary circumstances. (ECF No. 16.)

**1. Standard**

Equitable tolling of the statute of limitations is appropriate when the petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. . . ." *Holland v. Florida,* 560 U.S. 631, 632 (2010) (quoting *Pace,* 544 U.S. at 418); *see also Lawrence v. Florida,* 549 U.S. 327, 335 (2007); *Rouse v. U.S. Dep't of State,* 548 F.3d 871, 878–79 (9th Cir. 2008).

"[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000). The failure to file a timely petition must be the result of external forces, not the result of the petitioner's lack of diligence. *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999). "Determining whether equitable tolling is warranted is a 'fact-specific inquiry.'" *Spitsyn v. Moore,* 345 F.3d 796, 799 (quoting *Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir. 2001)).

**2.    Analysis**

Lewis argues that he is entitled to equitable tolling because he pursued his rights diligently but was misled by the National Association of Legislative Review (NALR), which allegedly agreed to represent Lewis.[1] (ECF No. 16, Exhibit B.) Respondent, in turn, argues that there is no constitutional right to counsel for habeas petitions. (ECF No. 6 at 8). The Ninth Circuit has held that "the protections of the Sixth Amendment right to counsel do not extend to either state collateral proceedings or federal habeas

---

[1] Respondent asserts that Lewis' exhibit that purports to be an acceptance letter from the NALR does not appear to be genuine, due to the letter's grammatical errors and strange phrases. (ECF No. 6 at 7.) Having reviewed the letter, the Court has grave doubts as to its legitimacy. However, because the Court finds that Lewis is not entitled to equitable tolling regardless of whether the NALR agreed to represent him or not, the Court need not rule on the letter's authenticity.

corpus proceedings." *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). However, "[r]egardless of whether a constitutional right to counsel exists, a petitioner who is represented by counsel when a petition for writ of habeas corpus is filed has a right to assume that counsel is competent and is presenting all potentially meritorious claims." *In re Clark*, 5 Cal. 4th 750, 780, 855 (1993). Assuming that the NALR did in fact agree to represent Lewis and file a petition on his behalf, Lewis had a right to rely on their statements. However, even if Lewis had a right to rely on his counsel, the NALR's actions must amount to "extraordinary circumstances" for equitable tolling to apply.

As a general rule, ordinary attorney negligence is not a sufficient basis for applying equitable tolling, but attorney misconduct, if it is "sufficiently egregious," might be. *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010). In *Spitsyn v. Moore*, the Ninth Circuit held that attorney conduct is sufficiently egregious where an attorney who was retained nearly a year in advance of the AEDPA deadline failed to file the petition despite repeated requests that he do so, and retained the case file despite the client's request for it, making a *pro se* filing "unrealistic." *Spitsyn,* 345 F.3d at 800-02. In *Frye v. Hickman*, however, the Ninth circuit held that the petitioner's attorney's failure to file a petition within the AEDPA's limitations period did not amount to an extraordinary circumstance beyond the petitioner's control. *Frye v. Hickman*, 273 F.3d at 1145. Rather, the attorney's miscalculation of the limitations period and his negligence in general constituted ordinary attorney negligence. *Id.* Ordinary attorney negligence will not justify equitable tolling. *Spitsyn v. Moore*, 345 F.3d at 800; *Miranda v. Castro*, 292 F.3d at 1068.

Here, the NALR's alleged failure to file a petition on behalf of Lewis would constitute ordinary negligence. The NALR's purported failure to follow through with the filing is unfortunate, but does not evidence the same degree of abandonment as in *Spitsyn*. In *Spitsyn*, the attorney was retained nearly a year in advance of the AEDPA

deadline. *Spitsyn*, 345 F.3d at 801.  Lewis' alleged relationship with his attorney, in contrast, commenced over a year after his direct appeal concluded. (ECF No. 16 at 5.)

In *Spitsyn*, the petitioner made repeated requests that his attorney file his petition. *Id*. Here, Lewis attempted to make contact with the NALR only three times over a period of nine months. (ECF No.16 at 5.)  Moreover, Lewis received only a single communication from the NALR; it was not a continued representation over a period of time, nor was the attorney officially retained like in *Spitsyn*. *Id*; *Spitsyn*, 345 F.3d at 798. Finally, the court in *Spitsyn* held that the petitioner could not reasonably file his federal claim without the return of his documents. *Spitsyn*, 345 F.3d at 801. Here, Lewis did file his federal claim without the return of his documents, as he never alleges that the NALR mailed back his case file.  (ECF No. 16.)  Ultimately, Lewis bears the burden of showing that his attorney's conduct was "sufficiently egregious" to serve as the basis for equitable tolling.  He has failed to do so.

Lewis also argues that the reason he did not immediately file his Petition for Writ of Habeas Corpus in the California Supreme Court after the denial of his Court of Appeal Petition was that he believed the Court of Appeal decision was still pending. (ECF No. 1 at xv.)   Lewis claims that the Court of Appeal only addressed two of his issues, and therefore he was waiting on the adjudication of the remaining issues. (ECF No. 16 at 5.)  However, the Court of Appeal did in fact make a complete and final decision regarding Lewis' Petition.  The Court of Appeal stated that because the claims in the habeas petition were identical to the claims already decided by the Court of Appeal in Lewis' direct appeal, the habeas petition was denied.  (Respondent's Lodgment No. 12.)  Lewis' ignorance of the law is not grounds for equitable tolling. *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (holding that a petitioner's confusion or ignorance of the law is not enough to satisfy the standard for equitable tolling). Lewis has failed to meet his burden of establishing that "extraordinary circumstances" were the proximate cause of his untimeliness.  *See Spitsyn,* 345 F.3d at 799.

Accordingly, the Court concludes that Lewis is not entitled to equitable tolling of the statute of limitations. As such, Lewis' Petition is untimely.

### IV. CONCLUSION

After thorough review of the record in this matter, the Court finds that Lewis has failed to comply with the AEDPA's statute of limitations and that he is not entitled to equitable tolling. 28 U.S.C.A. § 2244(d).

Accordingly, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **February 2, 2015**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 17, 2015**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: January 9, 2015

JILL L. BURKHARDT
United States Magistrate Judge