# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEWIS,<br><br>                    Plaintiff(s),<br>  vs.<br><br>DANIEL PARAMO, warden, et al.,<br>                    Defendant(s). | CASE NO. 14cv890-LAB (JLB)<br><br>**ORDER REQUIRING SIGNATURE ON MOTION FOR EXTENSION OF TIME; AND**<br><br>**ORDER PROVISIONALLY EXTENDING TIME TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION** |

On January 9, 2015, Magistrate Judge Jill Burckhardt issued her report and recommendation, which recommending denying the petition for writ of habeas corpus in this case. The report and recommendation required that objections be filed no later than February 2, 2015, and cautioned the parties that failure to file objections within the specified time may waive the right to raise those objections on appeal.

Lewis filed no objections within the time limit. Instead, he submitted an unsigned motion for extension of time, dated February 3. The proof of service, signed by a different prisoner, is dated February 5.

By a separate discrepancy order, the Court is accepting the motion for filing. The Clerk is directed to mail a copy of the motion back to Lewis. He must sign and return it to the Clerk no later than **March 2, 2015**. If he does not, the motion will be stricken. *See* Fed. R.

Civ. P. 11(a). If he returns the motion, signed, within the time limit, the Clerk shall replace the motion in the docket with the signed motion, designating the signed motion as an amended application for extension of time.

In his motion, Lewis asks that he be given until March 9 to file his objections. He explains that he is in prison and unfamiliar with the law. The deadline for filing objections, however, took both those factors into account. He also complains that counsel for Respondent have far more legal resources at their disposal. But this does not show why he needs more time. He also says he wants to do more research.

The Court finds Lewis has not shown good cause for the lengthy extension he requests. The public policy favoring the disposition of cases on the merits, *see Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) is not served by this extension, because the merits have already been briefed, and the case would be decided on that basis rather than by default. Nevertheless, allowing Lewis more time to prepare his objections may enable the Court to make a better-informed decision.

Lewis should assume the motion will be granted and he will have until **March 9, 2015** to complete and send in his objections — but **only** if he signs and returns the motion as directed, within the time permitted. If he fails to do this, the unsigned motion will be stricken as required under Fed. R. Civ. P. 11(a) and the Court will rule on the report and recommendation without waiting any longer for objections. Lewis should assume no more extensions of time will be granted.

**IT IS SO ORDERED**.

DATED: February 13, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge